**JIAN YING CHEN, also known as Jiang Ying Chen, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2164–ag.

United States Court of Appeals, Second Circuit.

July 3, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michelle G. Latour, Assistant Director, Tracie N. Jones, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Ying Chen, a native and citizen of the People's Republic of China, seeks review of a May 3, 2007 order of the BIA affirming the October 12, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Ying Chen*, No. A98 273 577 (B.I.A. May 3, 2007), *aff'g* No. A98 273 577 (Immig. Ct. N.Y. City Oct. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we note that we lack jurisdiction to consider any challenge to the IJ's denial of petitioner's application for CAT relief, because Chen did not raise any such challenge in her appeal to the BIA. She thus has not exhausted, as she ought to have done, all administrative remedies available to her as of right. 8 U.S.C. § 1252(d)(1). "The failure to seek review of the CAT claim deprives us of jurisdiction." *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006); *see also Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174

(2d Cir.2004). We therefore must dismiss Chen's petition for review as to her prayer for CAT relief.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

■ With regard to Chen's claim of incompetent translation, Chen does not point to any testimony that was translated incorrectly at the hearing or any other showing of prejudice that would lead us to conclude that Chen was not able to "place [her] claim before the judge," *Augustin v. Sava,* 735 F.2d 32, 37 (2d Cir.1984), as required by the due process clause of the Constitution.

■ We find that the IJ's adverse credibility determination is supported by substantial evidence in the record, despite the errors in his analysis that we note below.

First, the IJ's found that Chen's testimony was not responsive, seemed "script[ed]" and "confused," and was "evasive." Such assessments of an applicant's demeanor are significant, because " 'the IJ has the unique advantage' in making credibility findings 'of having heard directly from the applicant'." *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005)(quoting *Zhou Yun Zhang,* 386

F.3d at 73). The IJ's finding as to Chen's demeanor was a proper basis for the adverse credibility determination.

Second, the agency found that Chen testified inconsistently on which doctor performed the abortion on her. This inconsistency is material and substantial because this inconsistency related to matters central to her claim, to wit, the circumstances of her alleged forced abortion. *See* 8 U.S.C. § 1101(a)(42)(B) (providing person who has been forced to abort a pregnancy is deemed to have been persecuted on account of political opinion). Thus, the IJ did not err by relying on this inconsistency to support his adverse credibility determination.

Third, the IJ found that while Chen stated in her asylum application that she went into hiding at her aunt's home, she testified that she went into hiding at her sister-in-law's house. Because a reasonable fact-finder would not be compelled to credit Chen's explanation for her inconsistent testimony, the IJ did not err by relying on this inconsistency to reinforce his adverse credibility finding. *See, e.g., Majidi,* 430 F.3d at 80–81.

Fourth, the IJ also properly relied on Chen's inconsistent testimony on the employment status of her husband. The household registry and her husband's letter contradicted Chen's testimony that he was laid off by his employer in 1998.

Even if these inconsistencies, taken separately, "concern matters collateral or ancillary to the claim, ... [their] cumulative effect may nevertheless be deemed consequential by the fact-finder." *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted).

■ It is true that the IJ erred in two instances. First, the IJ relied on the lack of consistency between Chen's testimony and her husband's letter as to where she

had undergone the IUD removal operation, without first soliciting an explanation from Chen. While Chen testified that she had her IUD removed at her doctor's house, Chen's husband's letter indicates that she had her IUD removed at "a private hospital."

However, the inconsistency was "not so dramatic as to be self evident," because the location of where Chen had her IUD removed was a fact of relatively minor importance compared to her alleged basis for asylum. The IJ, therefore, could not rely on this discrepancy without seeking an explanation. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 118 (2d Cir.2006); *Majidi,* 430 F.3d at 81.

■ Second, the IJ also erroneously relied on the omission in Chen's IUD booklet of her September 1998 forced abortion and forced IUD insertion to buttress his adverse credibility determination. The IUD booklet merely states that in September 1998 Chen was "4 months pregnant." The IJ noted that "*clearly* the individual did not have an IUD at this time, otherwise, it would have been noted" (emphasis added). This finding, however, is not supported by substantial evidence because it is based on speculative reasoning that the Chinese government would, as a matter of practice, note a forced abortion or a forced IUD insertion in a person's IUD booklet. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 405 (2d Cir.2005).

Despite these errors, the agency's proper non-erroneous findings, when considered in the aggregate, provided substantial evidence in support of the adverse credibility determination. Remand would be futile in any event, because, based on the properly-made findings outlined above, it can be "confidently predict[ed]" that the agency would adhere to its decision on remand. *Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

The IJ's adverse credibility determination was further supported by Chen's failure to provide corroborative evidence in the form of proof that she still has an IUD inserted in her. The IJ did not base his rejection of Chen's claim on absence of corroborative evidence, but rather on his finding that petitioner's largely uncorroborated, non-credible testimony was insufficient to establish her eligibility for relief. The IJ, therefore, did not have to identify the particular pieces of missing evidence, or show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. *See Xiao Ji Chen,* 471 F.3d at 341. "The requirement for corroborative documents' 'identification' and 'availability' ... pertains when the IJ ... cites inadequate corroboration as a basis for denying [relief] to an applicant who is otherwise credible." *Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 78 (2d Cir.2004).

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.